UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LIONEL HOLLOWAY,

        Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

        Defendant.

Civil Action No. 1:19cv72

FILED
SCRANTON

JAN 11 2019

PER_____

## COMPLAINT FOR DAMAGES

1. This is a suit brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act of 1974 (hereinafter "PA"), 5 U.S.C. § 552a seeking damages based on the Defendant Federal Bureau of Prisons failure to correct their records which has adversely affected Plaintiff's custody classification adversely and failure to correct it's records.

### JURISDICTION AND VENUE

2. This action arises under the Privacy Act of 1974, 5 U.S.C. § 552a and the Freedom of Information Act, 5 U.S.C. § 552.

3. This Court has jurisdiction over the parties and subject matter pursuant to 552(a)(4)(B), the Privacy Act, 5 U.S.C. § 552(g)(1)(B) and 5 U.S.C. § 703.

4. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(g)(1)(B) and 5 U.S.C. § 703.

### PARTIES

5. Plaintiff, LIONEL HOLLOWAY, is a citizen of the UNITED STATES and a federal prisoner, who is currently confined in the Law Security Correctional Institution in White Deer, Pennsylvania and who is the person that was injured based on the Defendant's failure to correct their records.

1

6. Defendant FEDERAL BUREAU OF PRISONS is an agency within the meaning of 5 U.S.C. § 552(e) of the UNITED STATES OF AMERRICA. This agency is responsible for maintaining the accuracy of the information in their files to assure fairness to individual prisoners.

7. Defendant United States of America is made a party to this action pursuant to the provision of 5 U.S.C. § 702.

## FACTUAL ALLEGATIONS

### A. STATUTORY FRAMEWORK

8. Section 552a(e)(5) of the Privacy Act ("Act") provides that each agency that keeps a system of records must maintain all records with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

9. Section 552a(g) of the Act provides civil remedies for violations of 5 U.S.C. § 552a(e)(5). In particular, § 552a(g)(1)(C) permits a civil action if any agency fails to maintain any record concerning any individual and consequently a determination is made which is adverse to the individual. 5 U.S.C. 552a(g)(1)(C). And § 552(g)(4) provides that in any action brought under 552(g)(1)(C), in which the court determines that the agency acted in a manner which was intentional or willfull, the United States shall be liable for actual damages sustained by the individual not less thhan $1,000 as well as litigation costs and attorneys' fees. 5 U.S.C. § 552a(g)(4).

10. As long as the information contained in an agency's files is capable of being verified, then, under 5 U.S.C. § 552a(e)(5) and 5 U.S.C. § 552a(g)(1)(C) of the Privacy Act, the agency must take reasonable steps to maintain the accuracy of the information to assure fariness to the individual. If the agency willfully or intentionally fails to maintain its records in that way and, as a result, it makes a determination adverse to an individual, then it will be liable to that person for money damages.

2

B. USE OF MATERIALLY FALSE INFORMATION TO CAUSE INSTITUTION TRANSFER

11. Plaintiff was an inmate confined at the Loretto Federal Satelite Camp in Pennsylvania prior October 30, 2017.

12. On or about October 1, 2017 institution staff falsified Plaintiff's custody security information such as his Program Participation Points and Living Skills points to induce the Designation & Sentence Computation center to transfer Plaintiff to another institution. The falsification of the information was necessary as DSCC would not have approved the transfer otherwise.

13. On or aout October, 2017 institution staff falsified investigation reports that Plaintiff was involved in prohibited activities, yet had no evidence of any such wrongdoing. Defendant had the ability to verify whether Plaintiff was involved in any prohibited acts through surveillance either visually or video, ye took no steps to correct their misinformation and falsified report that Plaintiff was involved in anything illegal or prohibited.

14. Upon Plaintiff's arrival at LSCI Allenwood he repeated requested access to the false documents and that they not be used to adversely affect his custody classification. Plaintiff requested that this records be correct as it was prior to use of the false information. The Defendant refused.

15. On September 11, 2018 or about that date, the Defendant applied a management variable or security override based on the false information to keep Plaintiff at an institution inconsistent with his actual security level per policy.

16. Further demonstrating the falsity of the information being used to adversely in the fact that I was not issued any incident or disciplinary reports to support any truth to the information.

17. The information being utilized against the Plaintiff to adversely affect his custody and programming needs is and was capable of being verified, yet the Defendants took no step to do so intentionally and willfully.

3

18. The Defendants intentionally and willfully continue to use the false information about Plaintiff being involved in prohibited acts willfully and intentionally. Plaintiff has never been involved in any prohibited activities that the Defendant contends he was involved with.

COUNT I: VIOLATION OF THE PRIVACY ACT
( 5 U.S.C. § 552(e)(5) and 5 U.S.C. § 552a(g)(1)(C) )

19. This Court realleges and incorporates by reference all of the preceeding paragraph.

20. Defendants have violated and continue to violate the Act by failing to accurately maintain and corrrect it's records which contain false information that was use to adversely affect Plaintiff's custody level.

21. The Defendants refused to and have failed to take reasonable steps to verify the accuracy of the information which is demonstratively false. The indisputable fact that no incident report or disciplinary write-up took place further demonstrates the falsity of the information being used to adversely affect Plaintiff's custody.

22. The fact that the Defendant's had to falsify Plaintiff's custody level points in order to get DSCC to initiate a transfer demonstrates a wanton, willful and intentional disregard for the law that requires the agency maintain accurate records.

23. The Defendant's continue to use false and fabricated investigation reports that lack credibility to add a management variable to override his appropriate custody classification.

24. Despite repeated requests to correct Plaintiff's records, the Defendants have willfully and intentionally refused to do so knowing the information is false and unverifiable as being reliable as it was false from the beginning.

25. As a result of the Defendant's use of false investigation reports and false information, plaintiff's custody , program participation among other things have been adversely affected.

4

## PRAYER FOR RELIEF

A. Declare Defendant's failure to comply with the Privacy Act to be unlawful;

B. Enjoin the Defendant from continuing to use the falsified and inaccurate information or records to adversely affect his custody level and maintaining an inappropriate management variable;

C. Enjoin the Defendant to remove the management variable and the false information from the Plaintiff's files with the agency;

D. Award damages at a rate of $1,000 per day for the use of the falsified information starting from October 1, 2017, and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E)(i) and 5 U.S.C. § 552a(g)(3)(B);

E. Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

G. Grant Plaintiff such other and further relief that the Court deems proper.

Dated: January 7, 2019

Lionel Holloway,
Reg # 44341-037
LSCI Allenwood
P O Box 1000
White Deer, PA 17887

5



Lionel Holloway #44341-037
Low Security Correctional Institution Allenwood
P.O. Box 1000
White Deer PA. 17887

RECEIVED
SCRANTON
JAN 11 2019
PER _____ DEPUTY CLERK